78 ᵢ  APPELLATE COURTS OF ILLINOIS.

VOL. 54.]  T., St. L. & K. C. R. R. Co. v. C., P. & St. L. Ry. Co.

## Toledo, St. Louis & Kansas City Railroad Company v. Chicago, Peoria & St. Louis Railway Company.

1. WATER-COURSES—*Decrees as to by Consent.*—Where a party to a chancery proceeding obtains an order of court, to which the opposite party consents, that if a certain ditch is dug in a certain manner, it will be satisfied, such party can not, after the work is done, be heard to say the law required the other party to build a bridge instead of digging the ditch.

**Memorandum.**—Bill for injunction. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

BAYLESS & GUENTHER, attorneys for appellant; CLARENCE BROWN, of counsel.

DALE, BRADSHAW & TERRY, attorneys for appellee; ISAAC L. MORRISON and BLUFORD WILSON, of counsel.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellant filed its bill in which it alleged, in substance, that the Toledo, St. Louis and Kansas City Railroad Company, appellant herein, has for a number of years owned and operated a line of railroad extending from Toledo, Ohio, to East St. Louis, Illinois. The line of this road crosses Madison county, Illinois, running in a northeasterly and southwesterly direction. This road was built and in operation in 1882, and has continued in operation ever since. In the summer of 1890, the Chicago, Peoria and St. Louis Railway Company was engaged in constructing and building a railroad through said Madison county, along, beside and adjoining the appellant's railroad; that at the place in question the rights of way of the two railroads adjoined each other in section 27, township 4 north, range 8, west of the

3d P. M., in said county; that in the west half of said section the appellant's road crosses a creek or branch, over which it had constructed, prior to the construction of appellee's road, two bridges known and numbered respectively, 1194 and 1195, as shown on the plat in the record; that these bridges were over natural water-courses or channels; that the appellees, at and before the time of the filing of appellant's bill for injunction, were proposing and threatening to construct their said road-bed and grade across said channels, filling the same up with a solid embankment of earth, thereby obstructing these water channels, and forcing the water and the current of the streams to flow down and along the road-bed on the right of way, and against the appellant's grade and road-bed from said bridge No. 1194 to bridge No. 1195, thereby damaging, washing, destroying and rendering dangerous for use that portion of appellant's railroad and track.

That while said work was in progress, and before the natural channels of water had been filled up and obstructed, the resident engineer, H. T. Porter, for the appellant, endeavored to arrange with the officers and agents in charge of the construction of appellee's road, for the building of bridges by it across and over said channels, in such manner as not to interfere with the natural water-course of said creek, but that no attention was paid to the protests made by this appellant against the obstruction of the flow of the water in said creek. After the filing of the appellant's original bill for injunction and restraining order, an injunction was issued by the master in chancery restraining the defendants from obstructing and diverting the natural flow of water in this creek, and pending this proceeding the appellees filed their answer to said bill. Upon the hearing in chambers on the 6th day of September, 1890, the chancellor on the suggestion and proposition of the appellant, modified the original injunction so "as to permit the defendant to proceed with the construction of its road-bed and the completion of its track in the manner proposed by defendant at the place mentioned in the bill filed herein." "It is further ordered that the defendant construct the artificial

80    APPELLATE COURTS OF ILLINOIS.

VOL. 54.] T., St. L. & K. C. R. R. Co. v. C., P. & St. L. Ry. Co.

ditches made at said place as deep as, and on a level with, the bottom of the channel, and of equal capacity of the original water-course obstructed by its new embankment."

Following this order modifying the original injunction, the appellees immediately proceeded to cut an artificial drain, or ditch, along and between the road-bed and embankment of petitioner and the road-bed of the defendant railroad company. The appellant contends the bottom of the artificial ditch when constructed was from two to five feet above the level of the bottom of the channel of the original water-course, and was wholly insufficient in times of high water to carry the natural flow of water without overflowing and throwing the water over and against the appellant's road-bed and embankment, thereby causing the same to become washed, soaked with water, damaged and rendered dangerous for the operation of trains thereon, and that the appellees wholly failed and neglected to comply with the order of the court, in this particular, that they failed to "construct the artificial ditches made at said places as deep as, and on a level with, the bottom of the channel, and of equal capacity of the original water-course obstructed by the new embankment." The appellant, afterward and before the final hearing of the matter, filed with the chancellor its supplemental bill, reciting, among other things, the foregoing facts, and in addition thereto, charged that the artificial ditch not only failed to conform to the order of the court, but was insufficient to carry off the natural flow of water, without overflowing, and throwing the water against the petitioner's road-bed and embankment, and asking that the defendant be required to construct an artificial ditch "as deep as, and on a level with, the bottom of the channel of the original water-channel and having the same capacity as the original water-course, and to riprap with stone the bank of said artificial ditch next to the petitioner's embankment and road-bed; or to construct openings through its roadway and embankment at the points where said roadway and embankment filled up and obstructed the original water-course, and of the same capacity as the original water-course." The

answer of appellee to the original bill denied that the construction of its road-bed in the manner proposed would injure appellant and its answer to the supplemental bill alleged it had fully complied with the order of the court, and the improvement so made would prevent appellant's road-bed from being injured.

On the final hearing before the chancellor, the appellant contends it proved the appellee had not complied with the order of the court, made by consent of both parties, on the hearing the 6th day of September, 1890, and that it had been and would continue to be damaged by reason of such failure. In the decree entered by the chancellor on the final hearing it is recited : " It is requested by both parties hereto, that I go upon the premises described in the complainant's original and supplemental bill before deciding this cause, and make a personal examination and inspection thereof, the same to be considered by me in connection with the proofs herein in deciding this cause; which request of the parties is by me granted and this cause is postponed for such examination. And now on this 8th day of September, 1893, I having heretofore made the personal examination and inspection of the premises, * * * and now being fully advised upon the matters heretofore submitted herein, do find that the equities of this cause are with the defendant, and order and decree that the original and supplemental bills of complaint be dismissed without prejudice to the complainant."

The record contains ninety pages of evidence, all of which was read in conference, and our conclusion is, the evidence supports the decree. The question involved is wholly one of fact, whether or not the appellee complied with the order of the court, entered by agreement of parties, on the 6th day of September, 1890. The law as to the obstruction of water-courses is as stated by appellant, but, after obtaining an order of court, to which appellee consented, that if a certain ditch was dug in a certain manner, as prescribed in such order, then it would be satisfied, it can not, after the work is done, be heard to say the law required appellee to build

a bridge instead of cutting such ditch. The issue was as to whether the appellee had complied with such order, and to that issue the cause must be confined.

To here analyze the evidence would unnecessarily extend, without enhancing the value of this opinion. It is deemed sufficient to say the evidence sustains the decree, and therefore it is affirmed.